Whitaker, Judge,
delivered the opinion of the court:
Plaintiff entered into a contract with the defendant to furnish it 89,670 metal-type toothbrush containers and 84,920 metal soapboxes. Fifty thousand of each of the articles were to be delivered not later than March 25,1936, and the balance not later than April 24,1936. By May 9,1936, plaintiff had delivered a part of the soapboxes and toothbrush containers, but a very large part of those delivered had been rejected by the inspecting officer for failure to comply with the specifications. By that time 18,392 acceptable toothbrush containers and 30,485 acceptable soapboxes had been delivered, leaving a balance undelivered of 71,278 toothbruth containers and 54,435 soapboxes.
On that date, May 9, acting under the authority conferred upon him by article 15 of the contract, the contracting officer terminated plaintiff’s right to proceed with the contract and purchased similar articles from other manufacturers. The excess cost of doing so, in the sum of $1,852.59, and liquidated *249 damages for delays in delivery of the articles, in the sum of $3,796.41, were deducted from an amount due plaintiff on other contracts. For these amounts he sues.
Plaintiff in his petition complains that defendant unreasonably delayed in reletting the contract for the articles remaining undelivered on May 9, 1936; but in his brief he abandons this ground of recovery and asserts an altogether different ground.
So far as this ground of recovery is concerned, the facts are as follows: The contract was terminated on May 9. This was Saturday; invitations for bids were requested on the following Wednesday, to be submitted within one week, or by May 20. They were let promptly thereafter, for the toothbrush containers on May 21, and for the soapboxes on May 25.
The commissioner has found that there was no unreasonable delay. The plaintiff evidently agrees with him, for he no longer complains of it. We also agree.
In its brief plaintiff says that the Government’s defense that it incurred excess costs in the purchase of the articles from others is an affirmative defense and that the Government has not sustained the burden of proving it. This is manifestly incorrect. Under article 15 of the contract the Government had the right to terminate it for delays and to buy similar articles elsewhere and to charge the excess cost and liquidated damages to the plaintiff. This it has done, and the plaintiff is suing to recover these amounts because he says the Government was not put to these excess costs nor did it suffer the liquidated damages. Plaintiff must prove this allegation.
He suggests that the articles purchased by the Government were not similar to those which plaintiff had contracted to furnish, and, therefore, that proof that they cost more is not sufficient to show that the defendant was put to excess cost. If this is so, the burden is clearly on the plaintiff to show it. If he does not show it, he has not proven that excess costs were improperly deducted.
Besides, the findings show that there were attached to the second invitation for bids the same specifications upon which plaintiff had bid, and they show that the goods furnished complied with those specifications.
*250 Plaintiff does not support in any way his allegation that liquidated damages were improperly deducted.
Plaintiff is not entitled to recover. His petition will be dismissed. It is so ordered.
JoNes, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
MaddeN, Judge, took no part in the decision of this case.